UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2517 (DSD/SRN)

John McGinnis,

Petitioner,

v.

**ORDER**

Rob Mundt, Warden,

Respondent.

This matter is before the court on petitioner's objections to the report and recommendation of Magistrate Judge Susan R. Nelson dated July 5, 2001, in which the magistrate judge recommended that McGinnis's petition for writ of habeas corpus be denied. Petitioner objects to the recommended dismissal of his case, arguing that the Bureau of Prisons unlawfully denied him the opportunity to complete the 180-day transitional services component of the bureau's Residential Drug Abuse Treatment Program (RDAP). Without the ability to complete the transitional community corrections placement, petitioner is ineligible to receive early release under 18 U.S.C. § 3621(e).

Petitioner was initially determined by his unit team at FMC-Springfield to be CCC-ineligible based on his failure to complete a prior CCC placement. Petitioner was then transferred to FCI-Waseca in order to allow him to participate in the RDAP. His unit team at FCI-Waseca agreed to review the initial determination and

FILED 8-7-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 8-7-01
Deputy Clerk's Initials

at one point, they apparently agreed to provisionally recommend CCC placement. However, the team's final recommendation to the warden was that petitioner should not receive CCC placement based on his prior CCC record. The warden agreed with that recommendation and denied petitioner's request for transitional services.

Although petitioner complains that the BOP must honor "its original agreement" to provide him with CCC placement, the magistrate judge thoroughly explained that the warden retains complete discretion to deny CCC placement to inmates whom he deems ineligible. Similarly, the bureau enjoys broad authority to establish the criteria for eligibility for early release, such as the requirement that a prisoner complete the RDAP program, which includes a CCC component. In this case, where petitioner committed his current offense while at a CCC awaiting early release from a previous term of incarceration, there is no indication that either the warden or the bureau exercised their respective discretion in an arbitrary and capricious manner by denying CCC placement and early release to petitioner.

Accordingly, based on a review of the file, record and proceedings herein, the magistrate judge's recommendation is adopted in its entirety and **IT IS HEREBY ORDERED** that McGinnis's

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed with prejudice.

Dated: August 7, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.